**William BARKLEY, individually, Plaintiff–Appellant,**

v.

**CITY OF KLAMATH FALLS, a municipal corporation; Dennis Davenport; Aimee Reichlin, Defendants–Appellees.**

No. 07–35176.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 4, 2008.

Erica Lynn Wolf, Esquire, Ricci Grube Aita & Breneman, PLLC, Seattle, WA, for Plaintiff–Appellant.

Before W. FLETCHER and FISHER, Circuit Judges, and ROLL, District

Judge.[*]

## MEMORANDUM [**]

William Barkley ("Barkley") appeals two discrete decisions of the district court, asserting that each decision injected prejudicial error into the jury verdict in his excessive force lawsuit against Officers Dennis Davenport and Aimee Reichlin ("defendants") under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and we affirm on both issues.

The district court did not abuse its discretion by admitting evidence of Margaret Barkley's prior arrest for assaulting a Klamath Falls police officer to show her bias against the defendants, who work for the same police department. *See Heath v. Cast,* 813 F.2d 254, 259–60 (9th Cir.1987). Evidence of bias, admissible under Fed. R. Ev. 404(b), is probative impeachment evidence. *See U.S. v. Gay,* 967 F.2d 322, 328 (9th Cir.1992).

The district court did not abuse its discretion in rejecting Barkley's proposed jury instruction, which was predicated on *Alexander v. City and County of San Francisco,* 29 F.3d 1355, 1366 (9th Cir. 1994). Barkley's proposed instruction did not accurately state the law because it "swept too broadly, inviting the jury to find liability where our caselaw does not permit it." *Jones v. Williams,* 297 F.3d 930, 935 (9th Cir.2002). Under *Alexander* and our cases following it, "where an officer intentionally or recklessly provokes a violent confrontation, *if the provocation is an independent Fourth Amendment violation,* he [or she] may be held liable" for otherwise reasonable force. *Billington v. Smith,* 292 F.3d 1177, 1189 (9th Cir.2002) (emphasis added). The proposed instruc-

tion did not set forth the appropriate limitations on police officer liability under the danger creation standard.

Even if Barkley were entitled to his instruction, its exclusion was harmless because the instructions as given "provided [Barkley] with ample room to argue his theory of the case to the jury." *Brewer v. City of Napa,* 210 F.3d 1093, 1097 (9th Cir.2000).

**AFFIRMED.**

---

[*] The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.